## 7120

## WILLIAMS v. NEWTON.

DOWER—WILL—DISTRIBUTIVE SHARE—ELECTION.—Two CAUSES of action, one to set aside a will and for distributive share, the other for dower, may be joined in one action, but the cause of action for dower should not be tried until the issue of setting aside the will is decided, when the widow may elect whether she will prosecute her action for dower or distributive share.

Before WATTS, J., Marlboro, June, 1908.   Affirmed.

Action by Mary B. Wiliams against R. C. Newton, as trustee and executor of the will of Frank Williams, Frank Quick and William Williams.   From Circuit order defendants appeal.

*Messrs. Newton & Owens,* for appellant, cite: *Two causes of action here improperly united:* Code 1902, 2386, 2474; 4 Dess., 143; 45 S. C., 651; Pom. Code Rem., 453. *Tests for determining character of actions:* Code of Proc., 163; Pom. Code Rem., sec. 580; 1 Abbott's Trial Brief, 739; 24 S. C., 44.

*Messrs. Livingston & Muller,* contra.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   Mary B. Williams, claiming to be the widow of Frank Williams, deceased, brought this action against the executor of his will and Frank Quick and William Williams, stating in her complaint two causes of action.

As a first cause of action she alleges her right to dower as the widow of Frank Williams in certain real estate of which he was seized in his lifetime and during his coveture with her.   As a second cause of action she alleges that Frank Williams undertook by his will to devise all of his

property to Charles S. McCall, as trustee, for the use of the defendant, Frank Quick, a bastard child of the testator, with contingent remainder to the defendant, William Williams, a brother of the testator. The relief asked is: (1) that the will be adjudged null and void as to the plaintiff, in so far as it purports to be a devise and bequest of more than one-fourth of the estate of testator to his bastard son, and that plaintiff's interest in the estate be set apart to her in severalty; (2) that the executor account for the personal property that came into his hands; (3) that dower be set off to plaintiff in the real estate, if the Court should refuse to set aside the will; (4) that the will be construed and the rights of the plaintiff established; and (5) for such other and further relief as may be just.

The defendants demurred to the complaint on the ground that a cause of action for dower and a cause of action for a distributive share of the testator's estate could not be united in the same complaint. The Circuit Judge decided the demurrer in this language: "It is very doubtful whether or not the two causes of action set up in this action are inconsistent (no regard being had to the prayer for judgment, which ought not to be considered in construing the pleading), but as the plaintiff's counsel seems willing that the demurrer may take the course provided by Section 193 of the Code of Procedure, I will so direct. It is, therefore, ordered, that the demurrer is sustained; and it is further ordered, that the two causes of action set up in the complaint be, and the same are hereby, divided into two separate and distinct actions, and be docketed accordingly."

Section 193, Code Procedure, provides that if a demurrer be sustained for the reason that several causes of action have been properly united, "the Court may in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes therein mentioned."

We do not think the defendant's objections to the order are valid. It is true that the plaintiff cannot take, as the widow of Frank Williams, both dower and a distributive share of his estate (Civil Code, sec. 2386); but it is also true that she cannot be put to her election until she has had full opportunity to be advised as to the condition of the property and her legal rights. In *Pinckney* v. *Pinckney,* 2 Rich. Eq., 241, it was held that the widow was not to be required to make her election until the state of the property had been ascertained in the litigation then pending. In *Hall* v. *Hall,* 2 McC. Ch., 306, Chancellor DeSaussure says the widow is not bound to make her election until the affairs of the estate are so far wound up as to enable her to have a clear perception of what her interests require her to do.

Here the testator undertook to dispose of all of his property by will, and if the will be valid, then there would be no distributive share which the plaintiff could elect to take. The knowledge of the condition of the estate, necessary to enable the plaintiff to have a clear perception of the election that her interest requires, cannot be obtained until the Court determines whether or not the will is valid. Hence until that adjudication the plaintiff cannot be put to her election.

The Court did not abuse its discretion in refusing to dismiss the cause of action for dower, because, if the action for dower be dismissed, the statute of limitations might bar the claim of dower before the litigation as to the will should end. The plaintiff is entitled to maintain her cause of action to set aside the will and for dower at the same time, but the cause of action for dower cannot be tried until the action to set aside the will is decided. After that decision the plaintiff must elect whether she will claim a distributive share of the estate of Frank Williams or prosecute her action for dower.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.